# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 93 CR 350–5 |
| | ) | Hon. Marvin E. Aspen |
| MARIO DUNLAP, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Presently before us is Defendant Mario Dunlap's motion to modify his sentence pursuant to 18 U.S.C. § 3582(c). (Mot. (Dkt. No. 638).) Dunlap argues his sentence of 360 months in custody should be reduced based on Amendment 782 to the Federal Sentencing Guidelines, which generally lowers the base offense level for drug offenses by two points. (*Id.* at 2–3.) The government opposes Dunlap's request and argues he does not qualify for a reduced sentence. (Resp. (Dkt. No. 641).) For the following reasons, we hereby deny Dunlap's motion to modify his sentence.

## BACKGROUND

The underlying criminal convictions in this case involve Dunlap's involvement in a crack cocaine distribution network in Chicago from 1991 to 1993. *United States v. Mills*, 122 F.3d 346, 347 (7th Cir. 1997) (citing *United States v. Banks*, 78 F.3d 1190, 1194–95 (7th Cir.), *cert. granted, judgment vacated sub nom. Mills v. United States*, 519 U.S. 990, 117 S. Ct. 478 (1996)). Dunlap acted as a shift supervisor over street sales of user-sized amounts of crack cocaine. *Id.* After a federal investigation into the drug operation, in 1993, Dunlap was charged along with six co-defendants with numerous narcotics-related offenses. (Presentence

Investigative Report ("PSR") at Codefendants Page, 1–3.)  *See also Banks*, 78 F.3d at 1194–95, n.1.  Ultimately, in 1993, a jury found Dunlap guilty of two counts: one count of conspiracy to possess with intent to distribute and to distribute cocaine base and cocaine (Count 1), and one count of the use of a telephone to further narcotics offenses (Count 10).  (PSR at 1–2.)[1]  During a sentencing hearing on July 14, 1994, we sentenced Dunlap to a within Guidelines sentence of life in prison.  (Dkt. No. 230.)  In 2012, we reduced Dunlap's sentence to 360 months pursuant to 18 U.S.C. § 3582(c), which allows a court to modify an imposed term in custody "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  (Dkt. No. 600.)[2]

In the pending motion,[3] Dunlap argues he qualifies for another § 3582(c) reduction of his sentence, this time based on Amendment 782 to the Sentencing Guidelines.  (Mot. at 2–3.)  In response, the government argues Dunlap is ineligible for a sentence reduction pursuant to

---

[1] In addition to Counts 1 and 10, Dunlap was charged with Count 4, involving a separate offense of using a telephone for the distribution of crack cocaine.  (PSR at 2.)  The jury acquitted Dunlap on Count 4.  (Dkt. Nos. 161–62.)  *See also Banks*, 78 F.3d at 1194 n.3.

[2] The 2012 reduction was based on Amendment 748 to the Guidelines, made retroactive through Amendment 750, which lowered § 2D1.1 offense levels for some crack cocaine-related crimes.  (*See* Dkt. No. 599 at 5–6.)  *See also United States v. Moore*, 468 F. App'x 638, 639 (7th Cir. 2012) (explaining Amendment 748 and 750 implemented the Fair Sentencing Act of 2010, Pub. L. No. 111–220, 124 Stat. 2372 (2010)).

[3] Dunlap initially filed his *pro se* motion on October 5, 2015, and his reply brief later the same month.  (Dkt. Nos. 639, 642.)  However, our consideration of Dunlap's motion was delayed because on November 24, 2015, Dunlap's counsel of record filed a motion to add a supplement to Dunlap's reply, noting that Dunlap filed the instant motion "[u]nbeknownst to counsel."  (Dkt. No. 643 ¶ 1.)  We granted the motion, but Defense Counsel failed to file any supplemental briefing.  On June 13, 2018, we ordered Dunlap file a report on the status of his motion, and on July 3, 2018, Defense Counsel informed us that he had had difficulty in communicating with Dunlap, but that Dunlap now does not want his counsel to file a supplement.  (Dkt. No. 684 ¶¶ 2–3.)

Amendment 782, as his sentence has already been reduced to the low end of his new guideline range as modified by the amendment.  (Resp. at 1.)

## LEGAL STANDARD

"[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment" and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824, 130 S. Ct. 2683, 2690 (2010) (citing 18 U.S.C. § 3582(b)); *see also United States v. Howard*, No. 95 CR 508–4, 2017 WL 1427066, at *2 (N.D. Ill. Apr. 21, 2017) (slip op.) (clarifying that federal courts have "limited authority to reduce a sentence of imprisonment after it has been imposed"). Section 3582(c)(2) provides one such exception to this finality is when "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2); *see Dillon*, 560 U.S. at 826, 130 S. Ct. at 2691 (describing the Commission's power to amend the Guidelines).  If a retroactive Guidelines amendment would result in a lower Guidelines range for a defendant, after the court considers relevant § 3553(a) factors, the court may reduce the defendant's term of imprisonment if a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," as enacted in United States Sentencing Guideline § 1B1.10. 18 U.S.C. § 3582(c)(2).  A defendant or the Director of the Bureau of Prisons can file a motion pursuant to § 3582(c)(2), or the court can act *sua sponte* to reconsider a defendant's sentence.  *Id.*

## ANALYSIS

Dunlap argues he qualifies for a modified sentence under 18 U.S.C. § 3583(c)(2) because he would receive a reduced Guidelines range based on Amendment 782 to the Sentencing Guidelines.  The Sentencing Commission enacted Amendment 782 in 2014, which generally

reduced the base offense levels assigned to most drug quantities in the then-existing

§ 2D1.1 drug quantity table by two points.  *See United States v. Taylor*, 778 F.3d 667, 672

(7th Cir. 2015); *see also United States v. Salinas-Ospina*, 622 Fed. App'x 577, 578

(7th Cir. 2015) ("Amendment 782 and § 3582(c)(2) make drug sentences . . . more lenient.");

*Howard*, 2017 WL 1427066, at *2 ("Amendment 782 serves to lower the guideline range for

certain drug crimes . . . by raising the threshold quantity that a defendant needs to 'qualify' into a

particular offense level.").  Applied retroactively through Amendment 788, the Commission

passed Amendment 782 to reset the base offense levels to correspond with statutory mandatory

minimum penalties, and to alleviate overcrowding in federal prisons.  U.S.S.G. App. C,

Amendment 782, at 71–74 (2014) (estimating Amendment 782 would reduce the imprisonment

of drug trafficking offenders sentenced under § 2D1.1 by an average of eleven months).

    We first determine whether application of the Amendment 782 as reflected in the current

Guidelines § 2D1.1 drug quantity table would have reduced Dunlap's guideline range based on

the type and quantity of drugs attributable to him.  *See* U.S.S.G. § 1B1.10(b)(1) (2016) ("In

determining whether . . . a reduction in the defendant's term of imprisonment

under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the

amended guideline range that would have been applicable to the defendant if the amendment[] to

the guidelines . . . had been in effect at the time the defendant was sentenced."); *see also United

States v. Koglin*, 822 F.3d 984, 986 (7th Cir. 2016) ("[W]hat matters under § 3582(c)(2)

and § 1B1.10 is whether the bottom-line, final range would have been lower if the amendment

had been in effect when the defendant was sentenced.") (internal citation omitted).  At

sentencing in 1994, we found the relevant quantity of crack cocaine, also known as cocaine base,

attributable to Dunlap for his drug distribution convictions to be 20.58 kilograms.

(PSR at 4, 34.)  Based on the 1993 Sentencing Manual used at Dunlap's sentencing,[4] defendants with 15 kilograms or more of cocaine base, or crack cocaine, attributable to them received a base offense level of 42.  U.S.S.G. § 2D1.1 (1993).  We also found Dunlap qualified for an additional three-point enhancement for leadership in the offense, resulting in a final offense level of 45, which is treated as an offense level of 43.  *Id.* § 5A, n.2 (1993) ("In rare cases, a total offense level of . . . more than 43 may result from application of the guidelines. . . . An offense level of more than 43 is to be treated as an offense level of 43."); *see also id.* § 3B1.1(b) (adding three levels for playing an aggravating role in the offense by being a "manager or supervisor," but "not an organizer or leader").  Based on Dunlap's Criminal History Category IV, the resulting sentencing range was life imprisonment.  *See* PSR at 12; *see also* U.S.S.G. § 5A (1993).  However, as noted above, in 1998, we reduced Dunlap's sentence to 360 months custody.

Based on the 2016 § 2D1.1 drug quantity table as modified by Amendment 782, if Dunlap were sentenced for the same narcotics-related crimes involving 20.58 kilograms of crack cocaine, Dunlap would qualify for a base offense level 36 under § 2D1.1, which includes quantities of 8.4–25.2 kilograms of cocaine base.  U.S.S.G. § 2D1.1 (2016).  However, for the purposes of calculating his new final offense level, we must add on his three enhancement points, resulting in a final offense level of 39.  *See United States v. Thomas*, 628 F. App'x 445, 446 (7th Cir. 2016) (adding defendant's two-level enhancement he received at sentencing to determine his final offense level for a § 3582(c) motion based on Amendment 782); *see also* U.S.S.G. § 3B1.1(b) (2016) (continuing to apply same three-point enhancement for managing or supervising criminal activity).  Based on Dunlap's Criminal History Category IV, with a final offense level of 39, he would face a Guidelines range

---

[4] In Dunlap's PSR, the Probation Office indicated that "the guidelines that went into effect on November 1, 1993 were utilized for the following computations."  PSR at 4.

of 360 months to life.  U.S.S.G. § 5A (2016).  While Dunlap was originally sentenced to life in custody, we have since reduced his sentence to 360 months.  Because Dunlap is serving a sentence in custody that is at the lowest end of his Guidelines range as modified by Amendment 782, Dunlap is ineligible for a sentence reduction under § 3583(c)(2).  *Dillon*, 560 U.S. at 827, 130 S. Ct. at 2691–92 (holding that unless "the sentencing court originally imposed a term of imprisonment below the Guidelines range" the court may not reduce a defendant's sentence of imprisonment below the minimum of the amended Guidelines range); *United States v. Salinas-Ospina*, 622 F. App'x 577, 578 (7th Cir. 2015) ("Under U.S.S.G. § 1B1.10(b)(2)(A), the district court 'shall not' sentence [a defendant] to 'less than the minimum of' this new range."); *see also Taylor*, 778 F.3d at 672 ("Relief is not available if a retroactive amendment 'does not have the effect of lowering the defendant's applicable guideline range.'") (citing U.S.S.G. § 1B1.10(a)(2)(B); *Richardson v. United States*, No. 94 CR 187–1, 2016 WL 3907071, at *1 (N.D. Ill. July 19, 2016) (finding a modification of sentence "not authorized" where defendant's guidelines sentencing range for distribution of heroin and cocaine remained the same after Amendment 782).  Accordingly, Dunlap's currently imposed sentence of 360 months is within his Guidelines range after Amendment 782, and he is ineligible for a modification of sentence under § 3582(c)(2).

## CONCLUSION

For the aforementioned reasons, we hereby deny Dunlap's motion to modify his sentence.  (Dkt. No. 639.)  It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated:  September 18, 2018
        Chicago, Illinois